IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE E. WILSON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:12-cv-4636-M-BN |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. *See* Dkt. No. 6. Defendants The Bank of New York Mellon f/k/a the

Bank of New York Mellon as Trustee for the Certificate Holders of the CWALT, Inc.

Alternative Loan Trust 2006-HY13 ("BONY"), Bank of America, N.A., successor by

merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing,

L.P. ("Bank of America"), Mortgage Electronic Registration Systems Inc. ("MERS"),

and ReconTrust Company N.A. ("ReconTrust") (collectively, "Defendants") filed a

Motion to Dismiss Plaintiffs' Amended Petition [Dkt. No. 5], seeking judgment in their

favor on all claims. For the reasons stated herein, Defendants' Motion to Dismiss

should be granted in part and denied in part.

**Background**

This is an action by Plaintiffs George E. Wilson and Leah M. Wilson, owners of

real property in Dallas, Texas (the "Property"), brought with regard to foreclosure of that Property and against Defendants BONY, a corporation based in New York and organized under the laws of Texas; Bank of America, as successor to BAC Home Loan Servicing, L.P.; MERS, alleged by Plaintiffs to be the nominee of the original lender, Countrywide Home Loans, Inc.; ReconTrust, a company owned by Bank of America; and Tommy Bastian, Shelly Ortolani, John D. Borin, Jim Akins, and Unknown Defendants 1-1000, who are corporate entities and individuals that may have a legal interest in the promissory notes, deed of trust, assignments, and/or the Property. *See* Dkt. No. 1-2 at 23-24 of 63.

Plaintiffs brought the instant action in the 191st Judicial District Court, Dallas County, Texas, asserting claims for (1) anticipatory breach of contract; (2) breach of contract; (3) fraud; (4) violations of the Texas Property Code; (5) violations of the Texas Finance Code; (6) violations of the Texas Business and Commerce Code; (7) suit to quiet title; (8) declaratory judgment; (9) an accounting; (10) unjust enrichment; and (11) attorneys' fees. Plaintiffs also made an application for a temporary restraining order.

After Plaintiffs filed a First Amended Petition and Application for Temporary Restraining Order in state court, *see* Dkt. No. 1-2 at 22-50 of 63 ("Amended Petition"), Defendants timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and then filed a motion to dismiss, *see* Dkt. No. 5 ("Motion to Dismiss"). Plaintiffs filed a response and brief in opposition to Defendants' Motion to Dismiss. *See* Dkt. No. 21 ("Response").

Among other assertions, Plaintiffs claimed that Defendants' Motion to Dismiss

addressed the wrong amended petition. The same parties have engaged in more than one lawsuit. *See* Dkt. No. 4; Dkt. No. 21 at 1. Plaintiffs noted that Defendants failed to address Plaintiffs' claims for anticipatory breach of contract, breach of contract, and fraud. *See id.* Defendants then filed a reply in support of their motion. *See* Dkt. No. 22 ("Reply"). Defendants responded that they put forth several threshold issues applicable to all of Plaintiffs' claims and listed Plaintiffs' breach of contract and fraud claims in their Motion to Dismiss. *See* Dkt. No. 5 at 2.

The undersigned need not determine whether Defendants' Motion to Dismiss targeted the wrong amended petition but notes that Defendants' Brief in Support of their Motion to Dismiss does not directly address Plaintiffs' claims for anticipatory breach of contract, breach of contract, or fraud other than in an introductory section listing Plaintiffs' claims. *See* Dkt. No. 5-1 at 1-2. However, the undersigned considers Defendants' threshold arguments in connection with these three claims.

The undersigned further notes that Defendants' briefing addresses two claims – wrongful foreclosure and violations of the Real Estate Settlement Procedures Act ("RESPA")[1] – that Plaintiffs did not advance in their Amended Petition. The undersigned therefore does not consider Defendants' arguments on these two claims.

### Legal Standards

In deciding a Fed. R. Civ. P. 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re*

---

[1] Plaintiffs allege that they sent Defendants a qualified written request under RESPA and received an unsatisfactory response as support for certain claims, but Plaintiffs do not assert a claim under RESPA. *See, e.g.*, Dkt. No. 1-2 at 31 of 63.

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina Canal*, 495 F.3d at 205.

Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Defendants attached several documents to their Motion to Dismiss, including copies of: (1) Plaintiffs' Interest Only Adjustable Rate Note dated November 15, 2006 in the amount of $1,600,000.00 (the "Note"); (2) Plaintiffs' Deed of Trust dated

November 15, 2006 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loans, Inc., its successors and assigns, and recorded in the real property records of Dallas County (the "Deed of Trust"); (3) an assignment of the Deed of Trust by MERS to BONY, recorded in Dallas County, Texas on December 1, 2011 (the "Assignment"); and (4) a notice of default sent to Plaintiffs by ReconTrust, dated December 8, 2011. *See* Dkt. No. 5-2 (Exhibits A, B, & C).

The undersigned finds that it is permissible for these documents to be considered in making the Court's ruling on the Motion to Dismiss. Plaintiffs reference the Note, Deed of Trust, Assignment, and Notice of Default in their Amended Petition, *see* Dkt. No. 1-1 at 25, 28, & 30 of 63, and each document is central to Plaintiffs' claims. Moreover, the Deed of Trust and Assignment were publicly recorded and therefore are matters of public record.

Plaintiffs attached a Bloomberg forensic securitization audit of their Note and Deed of Trust (the "Audit") as Exhibit A to their Amended Petition. The undersigned has considered the Audit but notes that, as will be discussed below, the legal issues in this case obviate any factual issues raised by the Audit.

## Analysis

### I. Anticipatory Breach of Contract

The elements of a claim for anticipatory breach of contract under Texas law are: (1) absolute repudiation of a contractual obligation; (2) lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *See Enis v. Bank of America, N.A.*, 3:12-cv-295-D, 2012 WL 4741073, at *4 (N.D. Tex. Oct. 3, 2012) (citing *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004)). "To absolutely repudiate, a party must,

through words or actions, declare an unconditional intent not to perform the contract according to its terms." *Id.*

Although Defendants do not directly address Plaintiffs' claim for anticipatory breach of contract in their Motion to Dismiss, they do assert "threshold" arguments that they argue, in their Reply, apply to this claim.

Defendants argue, first, that Plaintiffs' claim must be dismissed because they failed to allege that they tendered the debt as required by Texas law. As Defendants point out in their Motion to Dismiss, Plaintiffs have not pled facts indicating that they performed under the Deed of Trust by making the required payments. *See* Dkt. No. 5-1 at 4. Plaintiffs allege that "they have the means to satisfy and correct any indebtedness owed to Holder of the Promissory Note." Dkt. No. 1-1 at 30 of 63. But Plaintiffs argue that "they should not be paying this mortgage because of the confusion over who has standing to receive payments given the confusing state of affairs regarding their mortgage after it was securitized." Dkt. No. 21 at 5. Plaintiffs thus have not alleged that they performed or tendered performance under the Deed of Trust and therefore have not plead that Defendants lacked a just excuse for their alleged repudiation. Although, ordinarily, the fact that Plaintiffs failed to make proper payments would warrant dismissal with prejudice of Plaintiffs' anticipatory breach of contract claim, *see Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012), the operative documents do offer Plaintiffs the ability to cure after acceleration of their debt, *see* Dkt. No. 5-2, App. 16 ("Borrower's Right to Reinstate After Acceleration."). And, although Plaintiffs have not alleged tender, Plaintiffs have alleged facts indicating that they may have the ability to cure. Therefore, Plaintiffs anticipatory breach of contract claim

should be dismissed without prejudice based on Defendants' first threshold issue.

Because Defendants assert additional threshold reasons to dismiss Plaintiffs' anticipatory breach of contract claim and some bases for Plaintiffs' claims should be dismissed with prejudice, the undersigned will analyze these additional arguments.

Defendants assert as their second threshold issue that Plaintiffs' claims based on Defendants' lack of authority to foreclose fail because Defendants have the requisite authority. Plaintiffs' claim is based on multiple theories regarding Defendants' lack of authority. Plaintiffs allege nine separate theories for Defendants' lack of authority; but many are duplicative, and the theories can be separated into five distinct categories: (1) the "show-me-the-note" theory; (2) the "split-the-note" theory; (3) MERS lacked authority to assign the Deed of Trust; (4) the assignment from MERS to the Bank of New York Mellon, as trustee for the certificate holders of the CWALT, Inc., alternative loan trust, series 2006-HY13 (the "Trust"), violated the Pooling and Servicing Agreement governing the Trust; and (5) Bank of America, as mortgage servicer, was not authorized to appoint a substitute trustee.

*(1) The "Show-Me-the-Note and (2) "Split-the-Note" Theories*

Plaintiffs' claims based on the "show-me-the-note" and "split-the-note" theories are easily disposed of. The Fifth Circuit has recently definitively rejected both theories. *See Martins v. BAC Home Loans Serv., L.P.*, ___ F.3d ____, 2013 WL 3213633 (5th Cir. Jun. 26, 2013).

The "show-me-the-note" theory posits that, to foreclose, a party must produce the original note bearing a "wet ink signature." *See id.* at *2. "Numerous federal district courts have addressed this question, and each has concluded that Texas

recognizes assignments of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.*

The "split-the-note" theory posits that a transfer of a deed of trust by way of MERS "splits" the note from the deed of trust, thus rendering both null. *See id.* This theory requires a party to hold both the note and the deed of trust in order to foreclose. *See id.* In *Martins*, the Fifth Circuit declined to rely on *Carpenter v. Longan*, 83 U.S. 271, 274 (1872), a case that Plaintiffs cite here, because the Supreme Court in *Carpenter* was addressing Colorado Territorial law and federal common law, neither of which control the undersigned's interpretation of federal law. *See Martins*, 2013 WL 3213633, at *2. Further, despite recognizing a "few" sources in Texas law that support the "split-the-note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id.* at *3. The Court of Appeals concluded:

> The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC – the assignment explicitly included the power to foreclose by the deed of trust. MERS and BAC did not need to possess the note to foreclose.

*Id.* at *4.

The undersigned notes that Plaintiffs' arguments that their mortgage "was destroyed when it was packaged and sold as part of a collateralized mortgage backed security," that there are flaws within the chain of title, and similar allegations concerning the securitization of the mortgage are merely iterations of the "split-the-note" and "show-me-the-note" theories that have been rejected in this circuit. *See Jones*

*v. Deutsche Bank Nat. Trust Co.*, No. 3:12-cv-3929-L, 2013 WL 3455716, at *7-*8 (N.D. Tex. July 9, 2013); *Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013). Moreover, several courts that have considered these iterations of those theories have found them without merit or any legal basis, and this Court should do likewise here. *See Marban*, 2013 WL 3356285, at *10.

As the "split-the-note" and "show-me-the-note" theories have been rejected by the Fifth Circuit, Plaintiffs' claims based upon these theories should be dismissed with prejudice.

*(3) MERS lacked authority to assign the Deed of Trust*

Defendants argue – albeit as to a wrongful foreclosure claim that Plaintiffs do not assert in their Amended Petition – that Plaintiffs lack standing to challenge the assignment by MERS to Bank of New York Mellon. The undersigned disagrees that Plaintiffs lack standing, *see Reinagel v. Deutsche Bank Nat'l Trust Co.,* ___ F.3d ____, 2013 WL 3480207, at *3 (5th Cir. July 11, 2013); *Hull v. Ocwen Loan Servicing, LLC*, No. 3:12-cv-1098-M, 2013 WL 3089050, at *3 (N.D. Tex. June 19, 2013), but nevertheless determines that MERS had the authority to assign the Note to Bank of New York Mellon.

Here, the Deed of Trust named MERS as the beneficiary, making it the original mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(A); Dkt. No. 5-2, App. 8. The Deed of Trust also identified MERS as the nominee for the Lender and its successors and assigns. *See* Dkt. No. 5-2, App. 8. As the beneficiary of the Deed of Trust, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default, and therefore MERS had the inherent authority to assign the note and deed

of trust. *See id.*, App. 9; *Coleman v. Bank of N.Y. Mellon*, No. 3:12-cv-4783-M-BH, 2013 WL 1187158, at *3 (N.D. Tex. Mar. 4, 2013), *rec. adopted*, 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013). "Any assignment by MERS was therefore valid, and any assignee became the new mortgagee and acquired all of MERS's rights." *Coleman*, 2013 WL 1187158, at *3; *accord Chevez v. HSBC Bank USA, Nat. Ass'n*, No. 3:12-cv-3686-L, 2013 WL 1335611, at *4 (N.D. Tex. Mar. 1, 2013), *rec. adopted*, 2013 WL 1338219 (N.D. Tex. Apr. 3, 2013). And the Assignment shows that the Deed of Trust was assigned from MERS to BONY. *See* Dkt. No. 5-2, App. 26. Plaintiffs' anticipatory breach of contract claim based on this theory should be dismissed with prejudice.

*(4) The Assignment from MERS to the Bank of New York Mellon, as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust, Series 2006-hy13 (The "Trust"), Violated the Pooling and Servicing Agreement Governing the Trust*

The Trust is governed by a Pooling and Servicing Agreement ("PSA"). Plaintiffs allege that MERS's assignment of the Deed of Trust to the Trust was invalid because, under the terms of the PSA, the assignment was required to have been made within 90 days of the Trusts's closing date. *See* Dkt. No. 1-2 at 37 of 63.

Although Plaintiffs fail to cite specific language from the PSA, the Court need not determine whether Plaintiffs are factually correct – even if they are, claims based upon this ground fail. The Fifth Circuit addressed this very issue – whether an assignment is rendered void if it violated a PSA – in a recent, published decision. The Fifth Circuit held that such an assignment was not rendered void as a result of Texas law and instead merely entitled mortgagors, if they were third-party beneficiaries, to sue for breach of the PSA. *See Reinagel,* 2013 WL 3480207, at *5.

Plaintiffs have not alleged that they are third-party beneficiaries under the PSA,

and, in any case, even if they were, Plaintiffs could not sue for breach of the Note or Deed of Trust under this theory but, rather, only for breach fo the PSA. Accordingly, Plaintiffs claim for breach of the Note or Deed of Trust based upon alleged violations of the PSA should be dismissed with prejudice.

*(5) Bank of America, as Mortgage Servicer, Was Not Authorized to Appoint a Substitute Trustee*

Plaintiffs allege that Defendants have no legal standing to foreclose because Bank of America, the mortgage servicer, was not authorized to appoint the substitute trustee, Recontrust. *See* Dkt. No. 1-2 at 39 of 63. In response, Defendants assert that ReconTrust is "merely acting as the foreclosure agent" for BONY, the mortgagee, and that ReconTrust has "the capacity, as BONY's agent, to commence foreclosure against Plaintiffs' Property." Defendants cite to the Note: "The beneficiary of this Security Document is MERS ... and the successors and assigns of MERS." Dkt. No. 5-2, App. 9. However, this language is not responsive to Plaintiffs' allegations. Plaintiffs allege that the mortgage servicer, Bank of America, not MERS or its successors or assigns, appointed the substitute trustee in violation of the Deed of Trust. Indeed, the Deed of Trust, on its face, does not provide that the mortgage servicer may appoint a substitute trustee. *See id.*, App. 18.

If Bank of America did appoint ReconTrust as the substitute trustee, any foreclosure threatened by ReconTrust may indeed be in violation of the Deed of Trust. *See Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 675 (Tex. 1942) (holding that, because deed of trust authorized sale only by trustee or duly-appointed substitute trustee after default, sale by a third party was unauthorized); *Burnett v. Mfr.'s*

*Hanover Trust Co.*, 593 S.W.2d 755, 757 (Tex. Civ. App. 1979, writ ref 'd n.r.e.) ("The Texas cases reveal that a foreclosure sale by a person not properly appointed as a substitute trustee according to the terms of the deed of trust is not merely an irregularity in the foreclosure proceedings. Rather, such sales have been declared void because they are not conducted within the authority conferred by the deed of trust.") (citing cases).

The record does not contain information from which the undersigned can determine ReconTrust's actual role or how that role came to be acquired.[2] Therefore, taking Plaintiffs' allegations as true, as the undersigned must at this stage, Plaintiffs – if they are able to adequately plead lack of a just excuse for Defendants' repudiation – may be able to state a claim for anticipatory breach of contract based on the substitute trustee's lack of authority to foreclose. Plaintiffs' Amended Petition, however, does not state a claim because Plaintiffs have not adequately pled lack of a just excuse for Defendants' repudiation. Therefore, Plaintiffs' claim for anticipatory breach of contract based upon the substitute trustee's lack of authority to foreclose should be dismissed without prejudice.

## II. Breach of Contract

Plaintiffs allege that Defendants breached their obligations under the Note by

---

[2] The record does contain a letter and a notice from ReconTrust to Plaintiffs, in which ReconTrust states that Plaintiffs' loan "has been referred to us by Bank of America, N.A., the Mortgage Servicer." Dkt. No. 5-2, App. 30. However, this language does not necessarily contradict Plaintiffs' allegation that ReconTrust is the substitute trustee. The language also does not support Defendants' assertion that ReconTrust is an agent of BONY. Plaintiffs attach a Notice of Substitute Trustee's Sale, Dkt. No. 1-3 at 37 of 69, to their Amended Petition. This document shows that ReconTrust is the substitute trustee but not who appointed it.

"selling and securitizing the Note without providing any Notice whatsoever of same to Plaintiffs." Dkt. No. 1-2 at 40 of 63.

The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

As with Plaintiffs' anticipatory breach of contract claim, Defendants fail to directly address this claim in their opening brief. However, Defendants argue in their Reply that certain threshold issues apply to this claim as well. Again, Defendants argue that Plaintiffs' claim should be dismissed because they failed to tender the debt. For the reasons discussed above, *see* supra p. 7, Plaintiffs' breach of contract claim should be dismissed without prejudice. Defendants' second threshold issue – authority to foreclose – is not applicable to the allegations made in this claim.

## III. Fraud

Plaintiffs allege that the Assignment of the Deed of Trust "is a flagrant misrepresentation of material fact because it pretended to be an 'A to D' transaction when in fact the Defendants are concealing 'A to B, B to C and C to D' facts of the true transfers in the chain of title that have been uncovered by Plaintiffs." Dkt. No. 1-2 at 42 of 63. Plaintiffs further allege that Defendants "fraudulently concealed" from Plaintiffs: "SEC filings," the fact that the Note had been "sold and securitized," and that the Note had been paid. *Id.*

-14-

Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 758 (Tex. 2001).

Defendants fail to address Plaintiffs' fraud claim directly in their opening brief but again argue in their Reply that two threshold issues – Plaintiffs' failure to tender the debt and that Defendants "had full authority to assign the Deed of Trust and to enforce the rights therein by foreclosure sale" – defeat the claim. However, the elements for fraud do not require Plaintiffs to allege that they tendered the debt. And Defendants' authority to assign or right to foreclose have nothing to do with Plaintiffs' fraud allegations.

Nevertheless, the undersigned recommends *sua sponte* that Plaintiffs' fraud claim be dismissed without prejudice, because the Amended Petition fails to allege any facts demonstrating that Plaintiffs acted in reliance on any alleged misrepresentation or omission by Defendants. Plaintiffs do no more than make the bare assertion – without supplying <u>any</u> supportive facts – that Plaintiffs "acted in reasonable reliance," which is insufficient under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678, 681. The Court may *sua sponte* dismiss a claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the intention to dismiss and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.

2006). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiffs with notice and an opportunity to respond. *See Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *4 n.6 (N.D. Tex. Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013).

## IV. Texas Property Code Violation

Plaintiffs next allege that Defendants "have failed to give proper notice because all transfers of the lien were not recorded timely as required by Texas law prior to the acceleration and collection action on the Note. The mortgagee listed on the above-referenced Notice of Foreclosure Sale is not the current holder of the Original Note." Dkt. No. 1-2 at 42 of 63.

As Defendants assert, Plaintiffs have not plead this claim with sufficient specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The undersigned is unable to determine what Plaintiffs mean by "all transfers of the lien" or what provision of the Texas Property Code Defendants are alleged to have violated. As such, Plaintiffs' claim should be dismissed without prejudice.

## V. Texas Finance Code Violations (Texas Debt Collection Act)

Plaintiffs allege that Defendants violated the Texas Debt Collection Act ("TDCA") because: (1) Defendants have provided no evidence that they hold the Note, a violation of Tex. Fin. Code § 392.304; (2) Defendants have no authority to collect on the Note or to hold a substitute trustee's sale, a violation of Tex. Fin. Code § 392.301; and (3) Defendants Bank of America, BAC Home Loans Servicing, L.P., and BONY are not bonded, as required by Tex. Fin. Code § 392.101.

In response, Defendants assert that Plaintiffs have failed to plead that

Defendants made a misrepresentation, a required element under the TDCA. *See* Dkt. No. 5-1 at 13. Defendants' argument is cursory and fails to distinguish between Plaintiffs' claims made pursuant to several different provisions of the TDCA.

The TDCA is the statutory embodiment of common law unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt. *See* TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). Section 392.304(a)(8) states that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that ... misrepresent[s] the character, extent, or amount of a consumer debt." For a statement to constitute a misrepresentation under the TDCA, Defendant must have made a false or misleading assertion. *See Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App. – Fort Worth June 29, 2006, pet. denied).

Plaintiffs allege that Defendants' attempts to collect money from Plaintiffs and to initiate foreclosure proceedings are illegal under Section 392.304 of the TDCA because Defendants lack authority to collect on the Note based on Defendants' alleged failure to prove that they hold the Note. The undersigned has already rejected Plaintiffs' argument that Defendants lacked authority to foreclose on these grounds, and Plaintiffs' identical allegations fare no better under the TDCA. *See Johnson v. JPMorgan Chase Bank, N.A.*, No. 4:12-cv-285, 2013 WL 2554415, at *16 (E.D. Tex. June 7, 2013).

Plaintiffs further allege that Defendants are in violation of sections 392.301(7)

and (8) because Defendants have no authority to collect on the Note or hold a substitute trustee's sale. Because the undersigned has already determined that Plaintiffs have sufficiently alleged that Bank of America, the mortgage servicer, lacked authority to appoint a substitute trustee, and because Defendants make no other arguments applicable to this claim, the undersigned determines that Defendants have failed to demonstrate that Plaintiffs' claim should be dismissed as a matter of law.

Finally, Plaintiffs allege that Defendants Bank of America, BAC Home Loans Servicing, L.P., and BONY are required by law to be bonded by the Texas Secretary of State in order to collect a debt. Section 392.101(a) provides that "[a] third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state." Although Defendants fail to address this claim, Plaintiffs do not allege that Bank of America, BAC Home Loans Servicing, L.P., and BONY are third-party debt collectors. Because Plaintiffs fail to plead an element required by the plain language of the statute, Plaintiffs' claim should be dismissed without prejudice.

## VI. Texas Business and Commerce Code Violation

Plaintiffs assert that the same facts that allegedly give rise to their TDCA claims are actionable under the Deceptive Trade Practices Act ("DTPA") through the statutory "tie-in provision." *See* Dkt. No. 1-2 at 45 of 63. The tie-in provision makes a violation of certain other laws, including the TDCA, a deceptive act under the DTPA. *See* TEX. FIN. CODE § 392.404(a). There are three elements to a DTPA claim: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive

acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM.CODE § 17.50(a)(1)).

Although Defendants assert that Plaintiffs failed to cite a specific statutory provision of the Texas Business and Commerce Code, the undersigned concludes that Plaintiffs have provided adequate notice to Defendants that they are suing under the DTPA tie-in statute. Plaintiffs allege that they are consumers "as defined in the Texas Business and Commerce Code." Dkt. No. 1-2 at 45 of 63. Insofar as Plaintiffs sufficiently pled a claim under the TDCA, Plaintiffs have sufficiently pled a claim under the DTPA. As such, Plaintiffs' claim based on Bank of America's lack of authority to appoint a substitute trustee is pleaded sufficiently to survive dismissal at this stage. But Plaintiffs' claim based on Defendants' lack of authority to foreclose because Defendants have not shown that they hold the Note should be dismissed with prejudice, and Plaintiffs' claim based on Defendants Bank of America's, BAC Home Loan Servicing, L.P.'s, and BONY's failure to obtain bonds should be dismissed without prejudice.

## VII. Suit to Quiet Title

Plaintiffs allege that the "chain of title to the Property is clouded due to the lack of recorded assignments that would otherwise prove proper custody of the Note that the Defendants seek to enforce." Dkt. No. 1-2 at 45 of 63. Plaintiffs seek "a decree quieting title to the Property and to declare clear and uncontested title and possession fully vested in the Plaintiffs." *Id.* at 46 of 63.

Defendants respond that Plaintiffs fail to state a claim on which relief can be

granted for two reasons: (1) Plaintiffs have not tendered nor offered to tender the full amount owed on the Note and (2) Plaintiffs have not pled, and cannot plead, that they have superior title to the Property. *See* Dkt. No. 5-1 at 14.

In a suit to quiet title, a plaintiff must establish "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied). In Texas, the elements of the cause of action to quiet title are: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 1-10-00837-cv, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec.30, 2011, no pet.). The plaintiff has the burden ultimately of establishing his "superior equity and right to relief," *Hahn*, 321 S.W.3d at 531, and must rely on the strength of his or her own title, not the weaknesses of the defendant's title, *See Rivera v. Citimortgage, Inc.*, No. 3:12-cv-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013).

Plaintiffs do not allege facts that, if proved, would establish their superior title, nor do they allege that they are current on their mortgage payments. Instead, they challenge Defendants' title by arguing that Defendants lack authority to enforce the Deed of Trust and to foreclose on the property based on the split-the-note and show-me-the-note theories and the incorrect assertion that MERS did not have authority to assign the Deed of Trust. Therefore, Plaintiffs' quiet title claim fails as a matter of law.

*See Jones v. Deutsche Bank Nat. Trust Co.,* No. 3:12-cv-3929-L, 2013 WL 3455716, at
*9-*10 (N.D. Tex. July 9, 2013) (dismissing claim for suit to quiet title based on similar
allegations); *Summers v. PennyMac Corp.*, No. 3:12-cv-1235-L, 2012 WL 5944943, at
*3 (N.D. Tex. Nov.28, 2012).

Because the undersigned concludes that Plaintiffs' claims are not legally viable
and no amount of artful or creative pleading of facts will permit Plaintiffs to state a
claim upon which relief can be granted, the undersigned recommends that Plaintiffs'
suit to quiet title be dismissed with prejudice.

## VIII. Unjust Enrichment

Plaintiffs assert that approximately 82% of the Note has been paid by parties
other than Plaintiffs and that, to the extent that Defendants have received such
payments, Plaintiffs' indebtedness on the Note should be reduced by that amount. *See*
Dkt. No. 1-2 at 47 of 63.

Defendants respond that, under Texas law, if a contract exists between parties,
a party may not recover for unjust enrichment, which is not an independent cause of
action, but an equitable doctrine of restitution. *See* Dkt. No. 5-1 at 12.

Defendants are correct as to the unavailability of recovery for unjust enrichment
in the face of a contract between the parties. "The unjust enrichment doctrine applies
the principles of restitution to disputes which for one reason or another are not
governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw.
Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996, aff'd). "When a
defendant has been unjustly enriched by the receipt of benefits in a manner not
governed by contract, the law implies a contractual obligation upon the defendant to

restore the benefits to the plaintiff." *Id.* Because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Mar. Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *see also Omrazeti v. Aurora Bank FSB*, No. 12-cv-730, 2013 WL 3242520 (W.D. Tex. June 25, 2013) ("An unjust enrichment claim is unavailable when a valid, express contract governing the subject matter of the dispute exists."); *Fortune Prod. Co. v. Conoco*, Inc., 52 S.W.3d 671, 785 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment."); *Coleman*, 2013 WL 1187158, at *6 ("In Texas, there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute.").

In this case, the subject matter of dispute – Plaintiffs' payment of the Note – is expressly governed by contract, and Plaintiffs have not pled, and cannot plead, a claim for unjust enrichment as a matter of law. Accordingly, Plaintiffs' unjust enrichment claim should be dismissed with prejudice.

## IX. Declaratory Judgment

Plaintiffs seek a declaratory judgment based solely upon the split-the-note and show-me-the-note theories. *See* Dkt. No. 1-2 at 46 of 63. As both of these theories are devoid of any merit, *see supra* pp. 8-9, Plaintiffs' claim for a declaratory judgment should be dismissed with prejudice.

## X. Accounting

Plaintiffs request an accounting "of any and all payments received, directly or indirectly, by an Defendant relating to the Note by any party" but do not state a basis

for this remedy. *See* Dkt. No. 1-2 at 47-63. And the undersigned, after reviewing all of the allegations in the Amended Petition, cannot determine a basis for an accounting. Plaintiffs' claim for an accounting should therefore be dismissed without prejudice.

### XI. Temporary Restraining Order

Defendants removed the case to federal court on November 15, 2012. Before the case was removed, the state court entered a temporary restraining order on November 2, 2012. *See* Dkt. No. 1-2 at 40-44 of 69. Under Texas law, a temporary restraining order expires after a period not to exceed 14 days. *See* TEX. R. CIV. PROC. 680. "After the removal of an action from state court, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation." *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. H-10-3828, 2011 WL 2551127, at *1 (S.D. Tex. June 27, 2011) (internal quotation marks omitted). "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. A formal dissolution of a temporary restraining order, however, is not necessary; "a temporary restraining order issued by a state court prior to removal will not remain in full force after removal any longer than it would have remained in effect under state law...." *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 2551127, at *1 (internal quotation marks omitted; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 438-39 (1974); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 n.2 (5th Cir. 1988). The temporary restraining order expired on November 16, 2012.

XII. Attorneys' Fees

Defendants do not address Plaintiffs' claim for attorneys' fees. "As a general rule, attorneys' fees are not recoverable in Texas unless provided for by contract or by statute." *Lopez v. Los Cielos Homeowners Ass'n, Inc.*, No. 11-11-00102-CV, 2013 WL 1636433, at \*2 (Tex. App. – Eastland Apr. 11, 2013, no pet.) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)). However, the Texas Civil Practice and Remedies Code "provides that reasonable attorneys' fees may be recovered in certain types of suits, such as suits on a sworn account or a written contract." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 38.001). Because it is not clear that Plaintiffs will not be able to recover fees as a matter of law, and based on Defendants' silence regarding the claim, dismissal of Plaintiffs' claim for attorneys' fees is not appropriate at this stage.

## Recommendation

For the reasons explained above, Defendants' Motion to Dismiss [Dkt. No. 5] should be granted in part and denied in part. The Court should dismiss without prejudice Plaintiffs' claims of (1) anticipatory breach of contract based on Bank of America's alleged lack of authority to appoint a substitute trustee; (2) breach of contract; (3) fraud; (4) violations of the Texas Property Code; (5) violations of the Texas Finance Code based on the alleged failure of Bank of America, BAC Home Loan Servicing, L.P., and BONY to obtain bonds; violations of the Texas Business and Commerce Code based on the alleged failure of Bank of America, BAC Home Loan Servicing, L.P., and BONY to obtain bonds; and (6) an accounting. The Court should dismiss with prejudice Plaintiffs' claims for (1) anticipatory breach of contract based

on the show-me-the-note theory, based on the split-the-note theory, based on MERS's alleged lack of authority to assign the Deed of Trust, and based on alleged violations of the Pooling and Servicing Agreement governing the Trust; (2) violations of the Texas Finance Code based on Defendants' alleged failure to prove that they hold the Note; (3) violations of the Texas Business and Commerce Code based on Defendants' failure to prove that they hold the Note; (4) suit to quiet title; (5) unjust enrichment; and (6) declaratory judgment. The Court should deny Defendants' Motion to Dismiss as to Plaintiffs' claims based on (1) violations of the Texas Finance Code based on Bank of America's alleged lack of authority to appoint a substitute trustee and (2) violations of the Texas Business and Commerce Code Violation based on Bank of America's alleged lack of authority to appoint a substitute trustee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United States Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 1, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE