IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE E. WILSON, ET AL., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | No. 3:12-cv-4636-M-BN | |
| § | | |
| THE BANK OF NEW YORK MELLON, § | | |
| ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This action has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 6. Defendants The Bank of New York Mellon f/k/a the Bank of New York Mellon as Trustee for the Certificate Holders of the CWALT, Inc. Alternative Loan Trust 2006-HY13 ("BONY"), Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("Bank of America"), Mortgage Electronic Registration Systems Inc. ("MERS"), and ReconTrust Company N.A. ("ReconTrust") (collectively, "Defendants") have filed a Motion for Summary Judgment [Dkt. No. 36], seeking judgment in their favor on the two remaining claims in this action, which allege violations of the Texas Debt Collection Act ("TDCA") and the Debt Collection Practices Act ("DTPA").

For the reasons stated herein, Defendants' Motion for Summary Judgment [Dkt. No. 36] should be granted.

**Background**

This is an action by Plaintiffs George E. Wilson and Leah M. Wilson, owners of real property in Dallas, Texas (the "Property"), who allege that Defendants BONY, Bank of America, MERS, Countrywide Home Loans, Inc., ReconTrust, Tommy Bastian, Shelly Ortolani, John D. Borin, Jim Akins, and Unknown Defendants 1-1000 engaged in wrongful conduct in connection with foreclosure proceedings on the Property. *See* Dkt. No. 1-2 at 22-50.

Plaintiffs brought the instant action in the 191st Judicial District Court, Dallas County, Texas, asserting claims for (1) anticipatory breach of contract; (2) breach of contract; (3) fraud; (4) violations of the Texas Property Code; (5) violations of the Texas Finance Code; (6) violations of the Texas Business and Commerce Code; (7) suit to quiet title; (8) declaratory judgment; (9) an accounting; (10) unjust enrichment; and (11) attorneys' fees. Plaintiffs also made an application for a temporary restraining order.

After Plaintiffs filed a First Amended Petition and Application for Temporary Restraining Order in state court, *see id.,* Defendants timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and then filed a motion to dismiss, *see* Dkt. No. 5. Adopting the Findings, Conclusions, and Recommendation of the undersigned, District Judge Barbara M. G. Lynn granted in part and denied in part Defendants' Motion to Dismiss. *See Wilson v. Bank of N.Y. Mellon*, No. 3:12-cv-4636-M-BN, 2013 WL 5273328 (N.D. Tex. Sept. 18, 2013); Dkt. No. 32. Plaintiffs' claims of: (1) anticipatory breach of contract based on Bank of America's alleged lack of authority to

appoint a substitute trustee; (2) breach of contract; (3) fraud; (4) violations of the Texas Property Code; (5) violations of the Texas Finance Code and Texas Business and Commerce Code based on the alleged failure of Bank of America, BAC Home Loan Servicing, L.P., and BONY to obtain bonds; and (6) an accounting, were dismissed.

Plaintiffs were permitted to further pursue their claims alleging violations of the Texas Finance Code and Texas Business and Commerce Code based on Bank of America's alleged lack of authority to appoint a substitute trustee. Those pending claims are the subject of this motion for summary judgment.

## Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set

forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential

fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

The parties appear to agree that just one legal issue remains after the Court's grant of partial judgment: whether the Deed of Trust permitted Bank of America to appoint ReconTrust as substitute trustee. If not, Defendants had no standing to pursue foreclosure and may have violated the TDCA and DTPA in their conduct.

In denying Defendants' motion to dismiss the TDCA and DTPA claims, the Court adopted the Findings, Conclusions, and Recommendation of the undersigned that explained:

> If Bank of America did appoint ReconTrust as the substitute trustee, any foreclosure threatened by ReconTrust may indeed be in violation of the Deed of Trust. ... The record does not contain information from which the undersigned can determine ReconTrust's actual role or how that role came to be acquired. ... The record does contain a letter and a notice from ReconTrust to Plaintiffs, in which ReconTrust states that Plaintiffs' loan "has been referred to us by Bank of America, N.A., the Mortgage Servicer." However, this language does not necessarily contradict Plaintiffs' allegation that ReconTrust is the substitute trustee. The language also does not support Defendants' assertion that ReconTrust is an agent of BONY. Plaintiffs attach a Notice of Substitute Trustee's Sale to their Amended Petition. This document shows that ReconTrust is the substitute trustee but not who appointed it.

*Wilson*, 2013 WL 5273328, at \*7-\*8 & n.2 (citations omitted). Based on this determination, the Court found that Defendants failed to demonstrate that Plaintiffs' TDCA and DTPA claims – both based upon the substitute trustee's lack of authority to foreclose – should be dismissed as a matter of law. *See id.* at \*10-\*11.

Defendants move for summary judgment because "[t]he TDCA and DTPA violations premised on Bank of America's alleged lack of authority to appoint the Substitute Trustee are factually unsupported." Dkt. No. 36 at 6. Plaintiffs disagree. They urge that "[t]he Deed of Trust language hasn't changed. It simply does not permit the appointment of a substitute trustee by the mortgage servicer, and no affidavit or subsequent document or purported assignment is going to change that fact." Dkt. No. 43 at 2.

The summary judgment evidence now establishes that, and no genuine dispute of material fact exists as to whether, ReconTrust was authorized as the substitute trustee and Defendants had the authority to pursue foreclosure on the Property. Under the Deed of Trust, MERS, as the beneficiary entitled to receive payments under the Note, had legal authority to assign the Deed of Trust. *See* Dkt. No. 37 at 13-14 & 24. The Deed of Trust states:

> All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property this substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon

Trustee herein and by Applicable law.

*Id.* at 24. MERS assigned the Deed of Trust to BONY. *Id.* at 32. BONY then granted Bank of America power of attorney. *See id.* at 34. Bank of America then, acting as attorney for BONY, appointed ReconTrust as substitute trustee. *See id.* at 35. These last two transactions – BONY's granting power of attorney to Bank of America and Bank of America's, on behalf of BONY, appointing ReconTrust as substitute trustee – were not established in the earlier Rule 12(b)(6) motion practice, which led to denial of the motion to dismiss as to the TDCA and DTPA claims.

Plaintiffs appear to believe that they should prevail on summary judgment because the Deed of Trust "does not state that the mortgage servicer could appoint a substitute trustee, nor [did they] sign[] any document authorizing the same." Dkt. No. 42-1 at 2. That contention misses the point. The summary judgment record is clear that MERS, as beneficiary of the Deed and nominee for Countrywide, had the authority to appoint a substitute trustee who was cloaked with all of the rights and powers of the original trustee. MERS did so, appointing BONY as trustee. BONY, in turn, granted Bank of America power of attorney to act on its behalf. This, too, was permitted by the Deed of Trust. Then, acting on behalf of BONY, Bank of America appointed ReconTrust as substitute trustee for purposes of foreclosure proceedings. Again, this is clearly permitted by the Deed of Trust.

That Bank of America, acting as mortgage servicer alone, would not have had the power that it was granted through power of attorney is of no matter to this dispute. The summary judgment evidence establishes conclusively that Bank of America was

permitted to act on behalf of BONY and appoint ReconTrust as substitute trustee. Therefore, the TDCA and DTPA violations premised on Bank of America's alleged lack of authority to appoint the substitute trustee are without factual support.

## Recommendation

Defendants' Motion for Summary Judgment [Dkt. No. 36] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 1, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE